IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-30116 |
| | ) | |
| JOHN HENRY STOTLER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant's Objection to Magistrate's Order of Detention (d/e 11). Under 28 U.S.C. § 636(b)(1)(A), the Court designated Magistrate Judge Byron G. Cudmore to hear and determine pretrial matters of detention. After a hearing, Judge Cudmore ordered that Defendant John Henry Stotler be held without bond pending further proceedings and issued an Order of Detention on December 14, 2007 (d/e 9). Defendant filed his Objection to Magistrate's Order of Detention December 21, 2007, citing Federal Rule of Civil Procedure 72, but as this is a civil rule inapplicable to criminal cases, the Court interprets his pleading as a Motion for Reconsideration under 28 U.S.C. §

1

636(b)(1)(A). The Court can reconsider this ruling only if the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The Court has reviewed the audio recording of the hearing, the evidence submitted at the hearing, and the Motion to Reconsider. For the reasons stated below, the Court declines to reconsider this matter and denies Defendant's Motion to Reconsider.

Judge Cudmore's ruling was not clearly erroneous or contrary to law. The statute governing criminal pretrial detention, 28 U.S.C. § 3142, requires courts to determine whether any condition or combination of conditions will reasonably assure the appearance of a defendant as required and the safety of other individuals and the community. Courts should consider: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger the defendant may pose to any other individuals and the community. 28 U.S.C. § 3142(g). Judge Cudmore clearly considered each of these factors.

Judge Cudmore found (and the Government conceded) that Stotler was not a flight risk, but he concluded that Stotler posed a danger to the community. Judge Cudmore based his decision on the four factors above.

First, he noted that Stotler is charged with a serious drug offense. The Government charged Stotler with possessing and distributing a controlled substance -- a mixture of a substance containing methamphetamine. Indictment (d/e 6). Judge Cudmore's characterization of this offense as a serious drug offense is not clearly erroneous or contrary to law.

Second, Judge Cudmore concluded that the Government had gathered substantial evidence against Stotler. The Government offered evidence that a confidential source arranged to sell Stotler 1500 pseudoephedrine pills, which can be used in manufacturing methamphetamine. After arresting Stotler, law enforcement agents seized other methamphetamine manufacturing tools from his truck, such as a plastic baggie containing hydrocodone pills, 12 lithium batteries, a digital scale, and a paint gun displaying Stotler's initials and containing two plastic baggies of methamphetamine and a baggie labeled "Cut" containing a powdery substance. Additionally, individuals had advised law enforcement agents that Stotler had regularly manufactured methamphetamine since 2005. Judge Cudmore's conclusion that this evidence was substantial was not clearly erroneous or contrary to law.

Third, Judge Cudmore found that Stotler has a history of criminality.

The Government offered evidence that Stotler had a prior firearms possession conviction and a methamphetamine manufacturing conviction, that seven years ago the state of California issued a warrant that remains outstanding for Stotler's arrest on a probation violation, and that Stotler was involved in a domestic dispute with his ex-wife during which she alleged he fired a gun in her home.[1]  Based on this evidence, Judge Cudmore's conclusion was not clearly erroneous or contrary to law.

Fourth, Judge Cudmore concluded that Stotler posed a danger to a particular law enforcement individual and to the community.  The Government presented an audio recording of a conversation between Stotler and a confidential informant in which Stotler told the confidential informant that if this law enforcement officer came back to arrest him, Stotler would surprise the officer with a trap.  Stotler also said that if he had possessed a gun when the officer arrested him previously, he would have shot the officer. Additionally, Judge Cudmore considered the Government's evidence of Stotler's involvement in methamphetamine manufacturing and the incident at his ex-wife's home.  Judge Cudmore's conclusion that this

---

[1] Charges arising from this dispute apparently were dismissed, but the incident provides at least some evidence of criminality.

evidence suggested Stotler was a danger was not clearly erroneous or contrary to law.

THEREFORE, Defendant's Motion to Reconsider, titled "Defendant's Objection to Magistrate's Order of Detention" (d/e 11) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: January 9, 2008

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE