E-FILED
Tuesday, 23 September, 2008  01:51:00 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-30116 |
| | ) | |
| JOHN STOTLER, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant John Stotler's Motion for New Trial or Judgment of Acquittal Notwithstanding the Verdict (d/e 57) and Motion for Verdict of Acquittal Notwithstanding the Jury Verdict (d/e 58).  On June 5, 2008, a jury returned verdicts of guilty on two counts charged in the Superseding Indictment (d/e 28): Count 2: knowingly and intentionally attempting to possess pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 846 and 841(c)(1); and Count 3: knowingly and intentionally possessing a mixture or substance containing methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  The

jury acquitted Stotler on Count 1.

Stotler first asks the Court to set aside the guilty verdicts on the grounds that the Government's case rested on the testimony of informant Michael Childress, and the Government therefore failed to convict him beyond a reasonable doubt.  The Court will not do so.  After a jury returns guilty verdicts, courts must uphold them if the evidence, viewed in the light most favorable to the Government, establishes that any rationale trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Saunders, 973 F.2d 1354, 1359 (7th Cir. 1992).  Childress' testimony was not "contrary to the laws of nature" or "so inconsistent or improbable on its face that no reasonable factfinder could accept it." Id. Thus, jurors were entitled to credit it, and the Court will not question their credibility determination.  See id.; United States v. Davis, 15 F.3d 1393, 1398 (7th Cir. 1994) (holding that courts will not reevaluate the evidence at trial even if this evidence is "'totally uncorroborated and comes from an admitted liar, convicted felon, large-scale drug-dealing, paid government informant'").  Moreover, Childress' testimony, while significant, was not the only evidence against Stotler.  The Government also presented testimony from various police officers and physical evidence seized from Stotler's

possession.

Stotler next argues that the Court erred in allowing the Government to introduce evidence of a 2005 traffic stop in Davenport, Iowa, as proof of intent to manufacture methamphetamine under Federal Rule of Evidence 404(b).  The Court's ruling on the admissibility of this evidence was correct at the time it was made for the reasons stated of record.  The Court therefore rejects Stotler's argument.

Finally, Stotler asserts that a judgment of acquittal on Count 2 is appropriate because the Government failed to present expert testimony establishing that the pills Stotler intended to purchase from Childress were in fact pseudoephedrine.  Whether or not the pills at issue actually contained pseudoephedrine is irrelevant.  To convict on an attempt charge, the Government need only prove that the Defendant acted with specific intent to commit the underlying crime and that he took a substantial step toward completing that crime.  United States v. Cote, 504 F.3d 682, 687 (7th Cir. 2007).  Factual impossibility or mistake of fact is not a defense to an attempt charge.  Id.  Thus, only Stotler's belief regarding the composition of the pills was relevant, and the Government presented evidence that Stotler agreed to meet Childress to purchase pseudoephedrine pills.

THEREFORE, Defendant John Stotler's Motion for New Trial or Judgment of Acquittal Notwithstanding the Verdict (d/e 57) and Motion for Verdict of Acquittal Notwithstanding the Jury Verdict (d/e 58) are DENIED. This matter will proceed to sentencing, scheduled for October 20, 2008, at 2:30 p.m.

IT IS THEREFORE SO ORDERED.

ENTER:   September 23, 2008

      FOR THE COURT:

         s/  Jeanne E. Scott
         JEANNE E. SCOTT
         UNITED STATES DISTRICT JUDGE